IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL DAVIS,                        *
                                      *
         Plaintiff,                   *
                                      *
v.                                    *
                                      *
HOME DEPOT U.S.A., INC.,              *       Civil No. PJM 09-162
                                      *
         Defendant,                   *
                                      *
v.                                    *
                                      *
MARK D. SCHWARTZ                      *
                                      *
         Respondent.                  *

## OPINION

The Court considers Defendant Home Depot U.S.A, Inc.'s ("Home Depot") Motion for Sanction of Attorney's Fees [Paper No. 28] based on Plaintiff's counsel Mark D. Schwartz's submission of forged documents in connection with Plaintiff's Opposition to Summary Judgment. Schwartz opposes the Motion. For the following reasons, the Motion is **GRANTED**.

I.

On January 26, 2009, Plaintiff Michael Davis filed this action against Home Depot, alleging that his firing from Home Depot for absenteeism in March 2005 was a pretext for an unlawful discharge under the Sarbanes Oxley Act, 18 U.S.C. § 1514A. It was critical to his argument that he persuade the Court that absenteeism did not cause his discharge. Home Depot moved for summary judgment supported by declarations and sworn testimony, which confirmed Davis's numerous attendance infractions in March 2005, after he had received repeated warnings

1

that he would be fired unless his attendance improved. Home Depot further argued that three medical statements Davis submitted in order to have his absences excused in March 2005 were forged. *See* June 22, 2009 Hearing Tr. at 84.

Home Depot provided the Court with various documents from prior administrative proceedings before a Department of Labor Administrative Law Judge including: 1) a declaration of Dr. Gregory Ford, who stated that he neither treated Davis at Providence Hospital in March 2005 nor provided him with the medical statements; 2) an expert report from a noted forensic document examiner who concluded that the medical statements were not authentic and likely contained the handwriting of Plaintiff Davis; and 3) a certification from the Maryland Workers' Compensation Commission, indicating that the 2005 medical statements were altered copies of documents created in 1998.

Despite this evidence, Davis, through attorney Schwartz, persisted in opposing summary judgment in this Court. He submitted a declaration, signed under penalty of perjury, attesting that the medical statements were obtained in March 2005 from Providence Hospital. Schwartz argued on behalf of Davis that Davis's declaration defeated summary judgment by creating a disputed issue of material fact concerning both the legitimacy of the medical statements and the truthfulness *vel non* of the substance of the documents. In the face of all the evidence to the contrary, Schwartz insisted the medical statements were legitimate.

On June 22, 2009 Home Depot's motion for summary judgment was granted. The Court concluded that the medical statements were altered versions of documents created in 1998. *See* June 22, 2009 Hearing Tr. at 80-83. The Court stated that the forgery was "unquestionable." *Id.* at 83-84.

Home Depot filed the instant Motion pursuant to 28 U.S.C. § 1927 and the inherent powers of the Court, seeking to have Schwartz personally satisfy the excess attorney's fees reasonably incurred by Home Depot, as a consequence of Schwartz's sponsorship of documents known by him to be false, or if not known to be false, based on highly suspect testimony that he could have easily determined to be false upon reasonable inquiry. Home Depot seeks attorney's fees in the amount of $5,133.50, a sum which reflects only a portion of the amount of time expended to demonstrate that the March 2005 documents were forgeries.

## II.

Section 1927 allows a court to order any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The purposes of the statute include "both deterring the attorney who engaged in the offending conduct and compensating opposing counsel for having to respond to it." *Savage v. Howard County Dep't of Housing & Cmty. Dev.*, No. 06-2896, 2008 WL 4457875 at *2 (D. Md. Sept. 29, 2008). Section 1927 requires a finding of counsel's bad faith as a precondition to the imposition of fees. *See Brubaker v. City of Richmond*, 943 F.2d 1363, n. 25 (4th Cir. 1991). "Vexatious conduct involves either subjective or objective bad faith." *U.S. for Use & Benefit of Union Light & Power Co. v. CamCo Const. Co., Inc.*, 221 F. Supp. 2d 630, 634 (D. Md. 2002).

In addition to the authority granted under Section 1927, courts also possess the inherent authority in appropriate cases to assess attorney's fees and impose other sanctions against a litigant or a member of the bar who has "acted in bad faith, vexatiously, wantonly, and for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). "Bad faith may be

found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). Accordingly, "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party.'" *Chambers*, 501 U.S. at 46.

### III.

Home Depot argues that attorney's fees are appropriate under both Section 1927 and the Court's inherent authority because Schwartz unreasonably and vexatiously multiplied the proceedings in this matter by sponsoring fraudulent documents and perjured testimony in connection with Plaintiff's Opposition to Summary Judgment. Schwartz responds that 1) the alleged misconduct occurred before a different tribunal; 2) he did not multiply proceedings in this Court; 3) he did not act in bad faith or undermine the judicial process; and 4) his financial circumstances counsel against sanctions in this matter.

Home Depot rejects each of Schwartz's arguments, as does the Court.

### A.

Schwartz first argues that the Court cannot impose sanctions under Section 1927 for conduct which occurred before the Department of Labor administrative proceedings in this matter. This argument is simply incorrect because the conduct at issue here clearly occurred before this Court. The conduct here included 1) the submission of a declaration, signed under penalty of perjury, attesting that the relevant medical statements were obtained from Providence Hospital when in fact they plainly were not; 2) argument on Davis' behalf that his declaration defeated summary judgment in this Court by creating a disputed issue of material fact concerning

4

both the legitimacy of the medical statements and the truthfulness *vel non* of the documents; and 3) statements to this Court declaring that the blatantly fraudulent documents were legitimate.

Because the conduct for which Home Depot seeks attorney's fees in its Motion occurred before this tribunal, it is well within the Court's authority to assess appropriate sanctions in consequence of such conduct.

### B.

Schwartz next states that he has not multiplied proceedings in this case within the meaning of Section 1927. He asks the Court to consider *DeBauche v. Trani* as establishing a bright-line rule barring sanctions when the attorney has filed only one complaint in the action. 191 F.3d 499, 511-12 (4th Cir. 1999) ("conclude[ing] as a matter of law that the filing of a single complaint cannot be held to have multiplied . . . proceedings unreasonably and vexatiously . . . ."). Because only one complaint has been filed in this case, Schwartz says sanctions are not permitted.

But the Fourth Circuit has clarified *DeBauche* since it was decided. *See Salvin v. American Nat'l Ins. Co.*, 281 F. App'x 222, 225-26 (4th Cir. 2008) (finding that sanctions are appropriate under Section 1927 when a party persists in litigating a single case once its lack of merit becomes evident). In upholding the District Court's award of sanctions, the Fourth Circuit in *Salvin* found that "by refusing to voluntarily dismiss the case once its lack of merit became evident, [Plaintiff] protracted the litigation. [Defendant] was forced to continue with its discovery obligations, file a summary judgment motion, and respond to [Plaintiff's] opposition to that motion. *Id*; *see also Savage*, 2008 WL 4457875 at *3 (D. Md. Sept. 29, 2008) ("it is plain that [counsel's] handling of [Plaintiff's] claims – particularly his continuation of litigation after

5

[Defendant] moved for dismissal or summary judgment – amounted to unreasonable and vexatious multiplication of proceedings"). Accordingly, it is not the number of complaints, but the conduct of the parties which should be the Court's focus in its inquiry under Section 1927. *Salvin*, 281 F. App'x 225-26.

Once again, it is noted that Schwartz opposed summary judgment by relying on a declaration that vouched for the authenticity of documents whose fraudulent nature was apparent on their face, despite the disavowal by the alleged author of the documents that he even authored them. Beyond that, Schwartz represented to the Court that the forged documents were legitimate. By doing so, he forced Home Depot to respond to the Opposition to Summary Judgment and to affirmatively show that the medical statements were forgeries. There can be no doubt that Schwartz unreasonably and vexatiously multiplied the proceedings in this case.

C.

Schwartz also contends that sanctions are inappropriate under Section 1927 and the Court's inherent authority because he did not act in bad faith or undermine the judicial process. Home Depot contends, and the Court agrees, that sanctions are appropriate under both Section 1927 and the Court's inherent authority.

i.

In order to award sanction under Section 1927, a court must find that counsel's vexatious conduct was done in "either subjective or objective bad faith." *U.S. for Use & Benefit of Union Light & Power Co. v. CamCo Const. Co.*, Inc., 221 F. Supp. 2d 630, 634 (D. Md. 2002). Schwartz argues that there is conflicting authority as to whether a showing of objective bad faith is sufficient under Section 1927, or whether a showing of subjective bad faith is required. The

Fourth Circuit noted in *Salvin* that "[w]e need not decide which standard applies [under Section 1927] because the district court's factual findings support a determination that [counsel] acted in bad faith, even assuming that the more stringent subjective standard applies." *Salvin*, 281 F. App'x at 225. The same is true of Schwartz's conduct in this matter.

To repeat: Schwartz persistently maintained that the medical statements Plaintiff Davis presented to Home Depot were obtained from Providence Hospital in March 2005 and were not forgeries created from medical statements received in 1998. But it was totally apparent from a comparison of the two sets of documents that the 2005 statements were forgeries based on the legitimate 1998 statements. *See* June 22, 2009 Hearing Tr. at 80-84.

At all times Schwartz had the requisite information to verify this on his own. He possessed both the fake documents his client submitted to Home Depot and the authentic 1998 documents that were used to create the forgeries. He was aware that Dr. Ford, the purported author of the medical statements in question, had stated under oath that he neither treated Davis at Providence Hospital in March 2005 nor provided him with the statements in question. In addition, Schwartz had received an expert report from a forensic document examiner which concluded that the medical statements were not authentic and likely contained the handwriting of his client. The evidence suggesting that the medical statements were forgeries was overwhelming. Schwartz's submission of, and reliance on, the forged medical statements, as well as his client's affidavit in support thereof, in an attempt to defeat summary judgment in this matter, amounted to clear bad faith, whether measured by either a subjective or objective standard.

ii.

Schwartz argues that the Court should not sanction him under its inherent authority because such sanctions should be reserved for cases in which attorney misconduct "undermines the judicial process itself." *See Chambers*, 501 U.S. at 45-46; *see also Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). It is true that a court's inherent authority to sanction "must be exercised with the greatest restraint and caution, and then only to the extent necessary." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). But it is equally true that "[t]he use of a forged document in . . . a lawsuit prejudices both the opposing party and the judicial system itself." *Forsberg v. Pefanis*, 261 F.R.D. 694, 702 (N.D. Ga. 2009) (granting sanctions pursuant to the court's inherent authority for use of a forged document).

Schwartz submits that he "did nothing more than challenge Home Depot's arguments with his client's testimony," which is "the very essence of a properly functioning adversarial process." Opposition at 27. But Schwartz's conduct went well beyond taking his client's side in a "swearing contest." Opposition at 19-20. The falsity of his client's version of the facts was established not by testimony that was disputed, but by the forged documents themselves, and independently, by the undisputed testimony of Dr. Ford, and by Home Depot's Expert Report.

By relying on forged documents and perjured testimony in his opposition to summary judgment Schwartz abused the judicial process itself. Sanctioning him under the Court's inherent authority is appropriate. *See Chambers*, 501 U.S. at 46.

D.

Finally, Schwartz argues that his financial circumstances counsel against sanctions in this matter. He states that he is "heavily in debt" and "believes he could qualify for bankruptcy."

Opposition at 28. He indicates that his insurer has preliminarily denied coverage for reimbursement of his counsel fees in this matter. *Id.* Home Depot responds that the $5,133.50 in fees sought by Home Depot is a reasonable sanction under the circumstances. The Court agrees with Home Depot.

Schwartz's ability to pay is a proper consideration in ruling on the Motion for Sanctions. *See, e.g., In re Kunsler*, 914 F.2d 505, 523-24 (4th Cir. 1990). However, Schwartz has made no showing that he is unable to pay the amount sought by Home Depot. Neither his statement in his affidavit that he is "heavily in debt," nor his opinion that "he could qualify for bankruptcy," are supported by any additional financial documentation. The fact that Schwartz has retained counsel in this matter, even though his insurance carrier has preliminarily denied reimbursement, suggests that he may well have sufficient funds to pay the fees sought by Home Depot.

The amount of the fees requested by Home Depot in connection with its Motion for Sanctions -- $5,133.50 – is reasonable. Indeed, it represents only for a portion of the time Home Depot's counsel spent proving that the 2005 medical statements were forged.[1] Furthermore, in calculating its fee request Home Depot used the lowest hourly rate under the Court's Guidelines for Determining Attorney's Fees: $150 for lawyers and $95 for paralegals and law clerks. *See* Local Rules, Appendix B. This rate is almost certainly much lower than the actual fees paid by Home Depot in this case.

The Court finds that the fees sought by Home Depot are reasonable and that Schwartz is personally responsible for the same.[2]

---

[1] Home Depot seeks to reimburse 29.6 hours of attorney time, 7.3 hours of paralegal time and makes no requests for costs.
[2] This Opinion is not intended to exonerate Davis for what appears to have been his role in this fraud upon the Court. Among other consequences Davis may be subject to, Schwartz may have an action over against him.

## IV.

Home Depot's Motion for Sanction of Attorney's Fees [Paper No. 28] is **GRANTED**. The Court awards Home Depot $5,133.50 in fees, to be paid by Mark D. Schwartz and will enter judgment in Home Depot's favor in that amount.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 26, 2010